IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Armando Chestnut, <br><br> Petitioner, <br><br> v. <br><br> Warden Cohens, R.C.I., <br><br> Respondent. | C/A No. 1:23-2064-JFA-SVH <br><br><br> **ORDER** |

Petitioner Armando Chestnut ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On August 30, 2023, Warden Cohens ("Respondent") filed a Motion for Summary Judgment. (ECF No. 19). On August 31, 2023, the Magistrate Judge advised Petitioner of the summary judgment procedure and the possible consequences if he failed to respond via an Order issued pursuant to *Roseboro v. Garrison*, 538 F.2d 309, 310 (4th Cir. 1975). (ECF No. 21). Petitioner filed a response on October 26, 2023, and Respondent chose not to file a reply. (ECF No. 24).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") which opines that this Court should grant Respondent's

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

Motion for Summary Judgment and dismiss the Petition with prejudice. (ECF No. 26). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on November 13, 2023. *Id.* The Magistrate Judge required Petitioner to file objections by November 27, 2023. *Id.* Thus, this matter is ripe for review.

I. **LEGAL STANDARD**

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM*

*Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The standard for a motion summary judgment is well known and stated within the Report which incorporated herein.

## II.    DISCUSSION

Although this Court incorporates the factual background discussed in the Report, a brief recitation of the relevant facts is necessary to properly address Petitioner's objections. In 2012, Petitioner was indicted by a Horry County Grand Jury for murder (2012-GS-26-03115), attempted murder (2012-GS-26-03116), pointing or presenting a firearm (2012-

3

GS-26-03117), and second-degree assault and battery by mob resulting in serious bodily injury (2012-GS-26-03118). (ECF No. 18-5 at 1111-17).

On July 15—19, 2013, the case proceeded to trial before the Honorable Steven H. John, Circuit Court Judge. *Id.* On July 19, 2023, Petitioner was found guilty of voluntary manslaughter, attempted murder, pointing and presenting a firearm, and second-degree assault and battery. (ECF No. 18-4 at 949-50). Petitioner was sentenced to a life of imprisonment without the possibility of parole pursuant to S.C. Code Ann. § 17-25-45 based on Petitioner's prior most serious offenses. *Id.* at 974-75.

Following the entry of judgment against him, Petitioner filed a timely notice of appeal. The South Carolina Court of Appeals affirmed his conviction in an unpublished opinion finding the issue on appeal was not preserved during his trial. (ECF No. 18-5 at 1037-38). The remitter was issued on June 17, 2016. *See id.* at 1048.

Then, on December 7, 2016, Petitioner filed a post-conviction relief application ("PCR") asserting claims for ineffective assistance of counsel and Due Process. After Petitioner was appointed counsel, the counsel amended his claims and on November 26, 2018, an evidentiary hearing was held on Petitioner's application. *Id.* at 1057-58. On February 4, 2020, the PCR Court issued an order of dismissal denying Petitioner's PCR application. *Id.* at 1096-1109.

On October 20, 2020, Petitioner's appellate counsel filed a petition for writ of certiorari in the South Carolina Supreme Court. (ECF No. 18-7). On October 17, 2022, the Court of Appeals denied certiorari. (ECF No. 18-8). The remittitur was sent to the Horry

County Clerk of Court on November 3, 2022 and filed on November 8, 2022. (ECF No. 18-9).

The instant Petition for writ of habeas corpus was filed on May 15, 2023 (ECF No. 1). Petitioner raises the following issues: (1) Due Process Violation of the Fifth Amendment; (2) Denied Assistance of Counsel; (3) Administrative Procedure Violation; (4) Structural Error.  (ECF No. 6).

In Petitioner's first ground for relief, Petition challenges his trial counsel's advice not to pursue an immunity hearing. *See* S.C. Code Ann. § 16-11-440(C); *see also State v. Curry*, 406 S.C. 364, 370 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard[.]"). The PCR court considered this issue and determined Petitioner "failed to meet his burden of showing any deficiency on the part of counsel or that but for the deficiency, the outcome of trial would have been different." (ECF No. 18-5, p. 1104-06). The Magistrate Judge finds that Petitioner made no argument in support of this ground for relief and has failed to show the PCR Court unreasonably applied federal law or made an unreasonable determination of the facts in finding his trial counsel was effective. Further, to the extent Petitioner argues he did not "knowingly and intelligently waive his right to a[n] immunity hearing", the Magistrate Judge finds this ground has not been properly exhausted and as such, it is procedurally barred from consideration in this Court. (ECF No. 6 at 6).  Having failed to object to the Report's finding on this basis, this Court may adopt the Report's recommendation in full without explanation.

5

Accordingly, this Court adopts the Report in this regard and grants Respondent's motion for summary judgment as to ground one of the Petition.

In Petitioner's second and fourth grounds for relief, Petitioner challenges the jury instructions. The PCR Court also addressed this challenge and found Petitioner failed to meet his burden of showing any deficiency on the part of his trial counsel for failing to object to the jury instructions, or that but for the alleged deficiency, the outcome of trial would have been different. Once again, the Magistrate Judge finds Petitioner failed to present any argument in support of this ground and failed to show the PCR Court unreasonably applied federal law or made an unreasonable determination of facts in finding his trial counsel was effective. Having failed to object or otherwise respond to the Report's finding on this basis, this Court may adopt the Report's recommendation in full without explanation.

Accordingly, this Court adopts the Report in this regard and grants Respondent's motion for summary judgment as to grounds two and four of the Petition.

Finally, as to the third ground for relief, Petitioner challenges an "administrative procedure violation," stating "the process fail[ed] to make available for inspection procedure used by the agency." (ECF No. 6 at 9). The Magistrate Judge finds this ground for relief is procedurally barred because Petitioner failed to show sufficient cause for his failure to raise this issue on appeal or in his PCR application. Having failed to object or otherwise respond to the Report's finding on this basis, this Court may adopt the Report's recommendation in full without explanation.

Accordingly, this Court adopts the Report in this regard and grants Respondent's motion for summary judgment as to ground three of the Petition.

Thus, this Court adopts the Report in full and grants Respondent's Motion for Summary Judgment. (ECF No. 19).

### III.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation in full. (ECF No. 26). Consequently, the petition is dismissed with prejudice. (ECF No. 1 & 6).

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

January 3, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."